**RECEIVED**

MAY 2 6 2005

**CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA**

05-1694 CBS

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:05-CR-107 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **INDICTMENT** |
| LOREEN JEROP YEGO, and | ) | T 8, U.S.C. § 1325(c) |
| BRIAN HAROLD WADDELL, | ) | T 18, U.S.C. § 371 |
| | ) | T 18, U.S.C. § 1546(a) |
| Defendants. | ) | |

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

At all times material,

1. A foreign national who is the spouse of a United States citizen can obtain an immigrant visa, enter the United States, and obtain lawful permanent resident status without regard to the numerical limitations on immigration defined in Title 8, United States Code, § 1151.

2. In order to obtain an immigrant visa for a foreign national spouse, the United States citizen files a Petition for Alien Relative with the Department of Homeland Security, Citizenship and Immigration Services, an agency of the United States. This petition is commonly referred to as an I-130, or an immigrant visa petition.

3. A foreign national who is currently inside the United States may obtain lawful permanent resident status without leaving the United States through a process called adjustment of status, pursuant to Title 8, United States Code, § 1255.

4.      In order to apply for an adjustment of status due to marriage to a United States citizen, the foreign national files an Application to Register Permanent Residence or Adjust Status, commonly called an I-485. This application is filed with the Department of Homeland Security, Citizenship and Immigration Service.

5.      When the foreign national spouse is in the United States, both the I-130 and I-485 forms are normally filed together and adjudicated by the Citizenship and Immigration Service simultaneously.

6.      Pursuant to Title 8, United States Code, § 1357(b), Citizenship and Immigration Service District Adjudication Officers have the authority to administer an oath to any person with relevant information and take and consider evidence concerning the privilege of any person to enter or reside in the United States.

7.      When adjudicating combined I-130 and I-485 applications, the Citizenship and Immigration Service requires the married couple to appear before an Adjudication Officer to determine the validity of the marriage. The Adjudication Officer places the couple under oath and asks questions concerning their marriage.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 1 - CONSPIRACY
### (18.U.S.C. § 371)

1.      The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2

## The Conspiracy

2.    Between on or about March 6, 2002, and continuing thereafter to the date of this

Indictment, the defendants, LOREEN JEROP YEGO and BRIAN HAROLD WADDELL, in the

Southern District of Iowa, did unlawfully, willfully, and knowingly combine, conspire,

confederate and agree between themselves, to commit an offense against the United States, to

wit: conspiring to enter a marriage for the purpose of evading an immigration law of the United

States.

## Manner and Means of the Conspiracy

3.    It was part of the conspiracy that LOREEN JEROP YEGO and BRIAN HAROLD

WADDELL agreed to marry in order to assist LOREEN JEROP YEGO to obtain lawful

permanent residency status.

4.    It was a further part of the conspiracy that LOREEN JEROP YEGO and BRIAN

HAROLD WADDELL did not live together as husband and wife.

5.    It was a further part of the conspiracy that LOREEN JEROP YEGO and BRIAN

HAROLD WADDELL falsely represented to the Citizenship and Immigration Service that they

lived together as husband and wife.

## Overt Acts

6.    In furtherance of the conspiracy, and to achieve the objects thereof, the

defendants, LOREEN JEROP YEGO and BRIAN HAROLD WADDELL, committed and

caused to be committed the following acts, among others, in the Southern District of Iowa:

3

a. On or about March 6, 2002, the defendants, LOREEN JEROP YEGO and BRIAN HAROLD WADDELL, applied for a marriage license in Polk County, Iowa.

b. On or about March 13, 2002, the defendants, LOREEN JEROP YEGO and BRIAN HAROLD WADDELL, were married in Polk County, Iowa.

c. On or about June 18, 2002, the defendants, LOREEN JEROP YEGO and BRIAN HAROLD WADDELL, caused the filing of a Petition for Alien Relative, I-130, and an Application to Register Permanent Residence, I-485, with the Department of Homeland Security, Citizenship and Immigration Service, in Des Moines, Iowa.

d. On or about June 24, 2004, the defendant, LOREEN JEROP YEGO, was interviewed at Citizenship and Immigration Services, and falsely represented that she and BRIAN HAROLD WADDELL were living together as husband and wife. BRIAN HAROLD WADDELL failed to appear for the interview.

This is a violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 2**
**(8 U.S.C. § 1325(c) – Marriage Fraud)**

1. The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2. On or about March 13, 2002, in the Southern District of Iowa, the defendant, LOREEN JEROP YEGO, did knowingly enter into a marriage with Brian Harold Waddell, for the purpose of evading a provision of the immigration laws.

This is a violation of Title 8, United States Code, Section 1325(c).

4

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
### (8 U.S.C. § 1325(c) - Marriage Fraud)

1.    The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2.    On or about March 13, 2002, in the Southern District of Iowa, the defendant, BRIAN HAROLD WADDELL did knowingly enter into a marriage with Loreen Jerop Yefo, for the purpose of assisting her in evading a provision of the immigration laws.

This is a violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
### (18 U.S.C. § 1546(a) - False Statement in Immigration Document)

1.    The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2.    On or about June 18, 2002, in the Southern District of Iowa, the defendant, LOREEN JEROP YEGO, did knowingly present and cause to be presented to the Department of Homeland Security, Citizenship and Immigration Services, an I-485 Application to Register Permanent Residence, which contained a false material statement, to wit, that the defendant had never sought to procure a visa by fraud or willful misrepresentation, when she then and there knew she was attempting to procure a visa by way of a sham marriage.

This is a violation of Title 18, United States Code, Section 1546(a).

5

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 5
### (18 U.S.C. § 1546(a) - False Statement in Immigration Document)

1.    The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2.    On or about June 18, 2002, in the Southern District of Iowa, the defendant, BRIAN HAROLD WADDELL, did knowingly present and cause to be presented to the Department of Homeland Security, Citizenship and Immigration Services, an I-130 Petition for Alien Relative, which contained a false material statement that the defendant was residing with his wife, Loreen Jerop Yego, which the defendant then and there knew was false in that he knew he was not residing with Loreen Jerop Yego.

This is a violation of Title 18, United States Code, Section 1546(a).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 6
### ( 18 U.S.C. § 1546(a) - False Statement Under Oath)

1.    The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2.    On or about June 24, 2004, in the Southern District of Iowa, the defendant, LOREEN JEROP YEGO did knowingly make a false material statement under oath to a Citizenship and Immigration Services Adjudication Officer that she was living as husband and

6

wife with Brian Harold Waddell, when the defendant then and there knew that she was not living with Brian Harold Waddell as husband and wife, and had never intended to so reside.

This is a violation of Title 18, United States Code, Section 1546(a).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 7
### (18 U.S.C. § 1546(a) - False Statement under Penalty of Perjury)

1. The Grand Jury realleges paragraphs 1-7 of the Introductory Allegations as though fully set forth herein.

2. On or about June 17, 2003, in the Southern District of Iowa, the defendant, LOREEN JEROP YEGO, did knowingly subscribe under penalty of perjury on an Employment Eligibility Verification Form, also known as an I-9, a document required by the immigration laws, a false material statement, to wit: that she was a United States citizen, when the defendant then and there knew that she was not a United States citizen.

This is a violation of Title 18, United States Code, Section 1546(a).

**A TRUE BILL.**

By_____
Matthew G. Whitaker
United States Attorney

_____
FOREPERSON

7

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ IOWA _____

UNITED STATES OF AMERICA

**V.**

LOREEN JEROP YEGO

## WARRANT FOR ARREST

CASE NUMBER: 4:05-CR-107

05-1694-CBS

TO:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___ LOREEN JEROP YEGO
                                                                    Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Conspiracy (18 U.S.C. § 371); False Statements (18 U.S.C. § 1546(a)); and
Marriage Fraud (8 U.S.C. § 1325)

in violation of Title __As stated above__ United States Code, Section(s) __As stated above__

Ross A. Walters
Name of Issuing Officer

_Renter Bre_
Signature of Issuing Officer

U. S. Magistrate Judge
Title of Issuing Officer

May 25, 2005
Date and Location

Bail fixed at $ _On Initial Appearance_ by ___ CFBren
                                                              Name of Judicial Officer