UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> vs. <br><br> LOREEN JEROP YEGO, ET AL <br><br> Defendant, | CRIMINAL ACTION <br> NO. 05-1694-CBS <br> (See also, Southern District <br> of Iowa No. 4:05-CR-107) |

ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
July 21, 2005

SWARTWOOD, C.M.J.

I. Nature of the Proceeding

This is a commitment to another District proceeding pursuant to Fed.R.Civ.P. 5(c) in which Loreen Jerop Yego ("Ms. Yego") was arrested in this District in connection with an Indictment that was returned on May 26, 2005, in the United States District Court, Southern District of Iowa, charging Ms. Yego: in Count One, with conspiracy, in violation of 18 U.S.C. §371; in Count Two, with marriage fraud, in violation of 8 U.S.C. §1325; in Count Four, with making a false statement in an Immigration document, in violation of 18 U.S.C. §1546(a); and in Counts Six and Seven, making false statements under oath, in violation of 18 U.S.C. §1546(a).

Ms. Yego appeared for her initial appearance in this Court on July 15, 2005, and at that time, she was advised of her right to

waive removal and voluntarily return to the Southern District of Iowa, her right to an identity hearing, and her rights under Fed. R. Crim. P. 20.

At Ms. Yego's initial appearance, the Government requested that she be detained and returned to the Southern District of Iowa in custody on the grounds of 18 U.S.C.§ 3142(f)(2)(A)(risk of flight). Ms. Yego then waived her right to an identity hearing and requested that a hearing on the Government's motion for detention be held in this District.

On July 20, 2005, a detention hearing was held and at that hearing, John Dumas, Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE"), testified on behalf of the Government and was cross-examined by Ms. Yego's counsel.

## II. Findings of Fact

1. On July 13, 2005, Special Agent Dumas went to Gardner, Massachusetts for the purpose of locating and arresting Ms. Yego in connection with this Indictment. On that occasion, Special Agent Dumas was unable to locate Ms. Yego, but left a copy of the warrant for her arrest and her photograph with the Gardner Police Department.

2. On July 14, 2005, Gardner Police Officers located Ms. Yego, determined that she was the person shown in the photograph and arrested her in connection with this Indictment.

3. Ms. Yego is subject to removal from the United States and in that connection, a Detainer has been issued by ICE for her arrest based on the following factual allegations: (a) Ms. Yego is not a citizen or national of the United States; (b) Ms. Yego is a native and citizen of Kenya; (c) on March 24, 2004, Ms. Yego was paroled into the United States for the purpose of pursuing her adjustment of status application; (d) on June 24, 2004, Ms. Yego's adjustment of status application was denied; and (e) Ms. Yego is an immigrant not in possession of a valid, unexpired immigrant visa, re-entry permit, border crossing card or other valid entry document required by the Immigration and Nationality Act. <u>Govt. Exs. 1, 2, 3 and 4</u>.

### III.  <u>Detention</u>

The Government has moved that Ms. Yego be detained in accordance with 18 U.S.C. §3142(f)(2)(A)(risk of flight). In a commitment to another District proceeding, release or detention of a defendant arrested in a District other than where the offense was allegedly committed, may be detained or released "as provided by statute for these rules." Fed. R. Crim. P. 5(d)(3). Therefore, 18 U.S.C. § 3142 ("The Bail Reform Act") or ("The Act") sets forth the procedure for detaining a defendant pending trial.

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on her own recognizance or upon execution of an

unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose

4

financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142(f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination

5

of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and

6

of the community", the judicial officer is compelled to consider the following factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including:

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

IV.  *Nature of the Offense and Weight of the Evidence*

The Indictment serves as probable cause for allegations underlying the offenses charged in the Indictment. Ms. Yego has been charged with offenses which provide for a maximum term of incarceration of five years.

I have no information concerning the weight of evidence against Ms. Yego and therefore, make no finding based on that factor for detention.

V.  *The Government's Burden*

The United States has moved for detention pursuant to 18 U.S.C. §3142(f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Ms. Yego is released, or the appearance of Ms. Yego as required.

The Government's burden of proof is by a *preponderance of the evidence* that Ms. Yego, if released, would not appear as required.

VI.  *Discussion Of Whether Detention Is Warranted*

  1.  *Ms. Yego's History and Characteristics*

Ms. Yego was born in Kenya on May 28, 1972, where she lived until she entered the United States on March 27, 2001.

Ms. Yego's mother is deceased and her father, daughter and siblings all reside in Kenya. Ms. Yego has no family residing in the United States.

8

As indicated previously, a Detainer has issued by ICE for Ms. Yego's removal from the United States.

### 2. Whether Ms. Yego Poses A Risk Of Flight

Ms. Yego has no family ties to the United States and substantial family ties to Kenya. Ms. Yego is currently subject to removal from the United States and would have no incentive to return to the Southern District of Iowa to face the charges contained in this Indictment and potential incarceration before deportation if I were to release her on conditions. Therefore, I find by a preponderance of the evidence that there are no conditions or combination of conditions that I could impose that would assure Ms. Yego's appearance in the Southern District of Iowa to answer the offenses charged in this Indictment.

### VII. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Ms. Yego be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Ms. Yego be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Ms. Yego is detained and confined shall deliver Ms. Yego to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE